161 So.2d 586

King Henry HODGES

v.

Kathleen Nunnelley HODGES.

8 Div. 129.

Supreme Court of Alabama.

March 5, 1964.

———◆———

Watts, Salmon, Roberts & Stephens, Huntsville, for appellant.

Martinson, Manning & White, Huntsville, for appellee.

PER CURIAM.

Appellee, by cross bill, obtained a divorce from appellant in Madison County and an award of alimony. The assignments of error present for review here the award of alimony and nothing more.

We have carefully read the evidence appearing in the record and have considered the arguments of counsel set forth in their respective briefs.

It appears from appellee's evidence that the appellant "is a wonderful person when he is not drinking," but drink, she testified, was the cause of the cruelty upon which the divorce was granted.

The evidence further shows that appellee, by reason of the accidental death of her husband, was a widow, residing in Birmingham, Alabama, when she married appellant, and owned her own home, which she sold after her marriage to appellant and moved with him to Huntsville, where he is employed as a salesman of building materials.

The trial court, in its final decree (a) denied relief to appellant and dismissed his bill for divorce; (b) granted relief to appellee on her cross bill for divorce and dissolved the bonds of matrimony between her and her husband; (c) divested out of appellant all his right, title and one-half interest in and to their home property described in the decree and in the personal property, furniture and household goods situated in the dwelling house and vested title thereto in appellee; (d) ordered appellant to assume and pay the balance (of about $400.00) on a refrigerator which had been repossessed by the seller; the balance being payable $24.00 monthly; (e) ordered him to assume and pay the balance on a mortgage of certain household goods and furniture to Mutual Finance Company, payable in the sum of $28.00 per month; (f) required him to pay appellee $99.60 per month (equal to the monthly installments on their home) for a period of six months, and thereafter $39.00 per month (equal to the social security benefits appellee was drawing prior to her marriage with appellant and which were discontinued upon her marriage); (g) ordered him to pay installments of $16.00 per month on an air condi-

tioner purchased from Sears, Roebuck & Company.

The evidence shows that appellant's salary or earnings, after payroll deductions for taxes and other items, is approximately $180.00 every two weeks.

The evidence further shows that appellee's minor child is the beneficiary of interest on a trust fund of $60.00 per month, which is paid at the end of every six months, and also is the beneficiary of $49.50 per month social security from his father's death, all of which is paid to appellee for use in supporting her child.

It also appears that appellee at one time worked in a textile mill, and for a very short period during some holidays was employed in a dress shop; that she has no property, no income, and no employment; that she is 48 years of age and her husband 40, or each was of that age when the evidence was taken.

As we view the decree, the award of alimony has the eventual effect of giving to appellee, free of encumbrances, all the household furniture and appliances; pays the installments on the home for a period of six months during which time she is privileged to sell it and recoup from the sale the sum of $5,800.00, which amount she alleges (but does not prove) she invested in the property from the sale of her home in Birmingham. The appraised value of the home in Huntsville, according to the evidence, is $16,000.00, with a first and second mortgage thereon in the sum of $10,700.00. Also, the decree restores to her the loss of $39.00 per month social security benefits which she forfeited when she married appellant, and pays her attorney's fee of $350.00 which we omitted to schedule above. This fee is payable $100.00 per month for three months and the remainder during the fourth month.

Under the decree, the total alimony payments, including attorneys' fee, would be $267.60 for the first three months; for the next month $217.60; for the next two months $167.60; and thereafter the amount of the installments on the furniture and appliances plus $39.00 per month. After the installments on the furniture are paid, he would have to pay, unless there is a judicial adjustment, only $39.00 per month, which, as we stated, is equal to appellee's social security benefits which she lost.

Appellant complains that he is also taxed by a judicial decree in Florida, in a divorce proceeding with his former wife, with payment of $15.00 per month for the support of a minor child by that marriage. The evidence shows that he has not been diligent in paying this support, but has been quite irregular and indifferent toward this obligation.

While the decree of the trial court was very considerate of appellant in the ultimate award, it places a heavy burden on him during the first several months, which we think should be modified by changing the distribution of payments. We do not see any way to change the decree with respect to payment of the installments on the furniture, if the furniture is to be saved from foreclosure; and the same may be said of the amount of the award that can be used for paying the mortgage debt on the home. These payments are of an emergency character. The refrigerator carrying an installment of $24.00 monthly, ordered to be paid, has been repossessed and another refrigerator substituted therefor. There is no evidence that the attorneys for appellee have such an immediate need of their fee that they would be opposed to distributing this fee over a longer period of time; likewise, the $24.00 payment on the refrigerator can be here rearranged. These reductions of payments will enable appellant by frugal management to take care of the payments on his automobile and also pay his own living expenses. We are frank to say that neither appellee nor appellant will have any financial margin above basic necessities.

It is, therefore, ordered that the decree be and it is modified so as to require appellant to pay the sum of $40.00 per month for a period of eight months plus $30.00 during

the ninth month to cover the attorneys' fee; that instead of restoring to appellee the refrigerator and by paying thereon the monthly installments of $24.00 monthly, that he pay the sum of $10.00 per month to appellant for a period of forty months, all to be paid at the times specified in the decree.

The decree of the circuit court is modified and affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur